UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. RUSSELL BRIMER and WHITNEY LEEMAN,<br><br>    Plaintiffs,<br><br>    v.<br><br>ARAMARK CORPORATION, et al.,<br><br>    Defendants. | Civil Action No.  06-0953 (JDB) |

## ORDER

Before the Court is the relators' status report requesting dismissal of this action in light of the government's continuing investigation. The False Claims Act provides that "[a]n action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." 31 U.S.C. § 3730(b)(1). The government has not objected to the dismissal within the time contemplated by Local Civil Rule 7(b), but it also has not submitted written consent to dismissal.

The Court concludes that dismissal without prejudice is authorized by the statute under these circumstances. As the Second Circuit has explained, "the consent provision ensures that legitimate claims against an alleged wrongdoer are not dismissed before the United States has been notified of the claims or has had opportunity to proceed with the action," and, hence, "[o]nce the United states formally has declined to intervene . . . , [its] refusal to enter the suit may be taken as tantamount to the consent . . . to dismiss the suit." See Minotti v. Lensink, 895 F.2d 100, 104 (2d Cir. 1990) (citation and internal quotation marks omitted). Here, the United States has been provided two years to pursue this action, and indeed, though still investigating, formally notified the Court by notice dated November 15, 2007, "that it is not intervening at this time."

<u>See</u> Notice of the United States That It Is Not Intervening At This Time (filed Nov. 15, 2007). The Court considers the government's decision not to intervene combined with the lack of any objection to the requested dismissal without prejudice to be tantamount to consent.

     Furthermore, because of the prolonged intervention period, the case has not progressed to even the answer stage. Plaintiffs have now concluded that they no longer wish to pursue this action in light of the government's continuing investigation. <u>See</u> Pl.'s Status Report at 1 (filed May 9, 2008). It would make no sense to force plaintiffs to pursue this action under those circumstances. Most significantly, no interest of the United States will be adversely affected by a dismissal that is without prejudice, for the government may then pursue the case on the merits if and when its investigation warrants.

     Accordingly, it is hereby

     **ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

     **SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Date:  May 22, 2008